[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Computer Associates, seeks money damages from the defendant, Compu-Data for items purchased on a open or running account, specifically on an item known as CA-Opera Program, hereinafter known as product, on purchase order dated February 7, 1994. Plaintiff's Exhibit 3.
The defendant agrees with plaintiff that the parties had prior business dealings, and that it, the defendant, issued it's purchase order for the product provided by the plaintiff. However, the defendant contends that the product was defective; that, successful attempts were made to correct some of the defects; that, additional defects developed which culminated in the determination by the defendant that the product was not fulfilling the requirements for which it was purchased, and which requirements the plaintiff had indicated to the defendant, the product would meet.
The defendant further contends that it made good faith efforts to correct the defects as they showed up in the product. It kept the plaintiff informed of the defects, followed plaintiff's instructions on correcting these defects as each CT Page 7638 appeared. That the plaintiff's product was not an unusual product in that the defendant had previously purchased from the plaintiff, and installed a version of the same product without difficulty; that, the plaintiff s product at issue herein would be expected to require installation and testing time of a few hours to a full day or two if problems arose in the installation and/or the testing. However, the herein product continued to be plagued with problems three weeks after installation. When one set of difficulties with the product was resolved, others developed. The developing problems prevented the use of the product by the defendant.
After this three week period of attempting to rectify the problems by consultations with the plaintiff, the plaintiff's product still could not be successfully used on the defendant's computers. The defendant therefore determined that the plaintiffs product could not reasonably perform the functions for which it was purchased. Thereupon, the defendant returned the product to the plaintiff.
The plaintiff argues that the purchase by the defendant was not subject to a period of testing by the defendant. That the product was sold with the purchase price due and owing upon the receipt by the defendant of the product.
The defendant disputes this, pointing to its prior purchase of a similar product from the plaintiff wherein a period for installation and testing was permitted. Further, that the plaintiff was immediately apprised of the installation problems the defendant was experiencing with plaintiff's product. Further, the plaintiff participated in resolving some of the difficulties the defendant had with the plaintiff s product as they arose.
During this period of installation and testing the defendant made several attempts to incorporate the plaintiff s product into its computers to perform the tasks for which it was purchased. The attempts were ultimately unsuccessful. The product sold by the plaintiff to the defendant to perform certain functions in the defendant's business failed to perform these functions. Whereupon the defendant returned the product to the plaintiff and never paid the plaintiff for it.
The product at issue here was sold by the plaintiff to the defendant to perform specific tasks in the defendant's business. The plaintiff was aware of these tasks and assured the defendant CT Page 7639 that the plaintiff's product would perform these tasks. It failed to perform as promised.
Therefore, the defendant was justified in treating the purchase agreement as breached. The defendant's return of the product to the plaintiff was all that was required that it do when the product failed to perform the tasks for which it was purchased.
Judgment may enter for the defendant on the plaintiff's complaint on both counts.
As to the defendant's counter-claim, the court finds that although the product sold by plaintiff to defendant did not perform for the defendant as was required, nor within reasonable time constraints, it does not follow that the plaintiff is liable to the defendant in damages for the failure of the product to perform as expected.
Therefore, judgment may enter for the plaintiff on the defendant's counter-claim.
Further, the defendant may recover its court costs of the plaintiff as they relate to the plaintiff s complaint only.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE